Tony BARNES, Jr., Plaintiff-Appellant,

v.

Joe WILSON, Casper Memering, as Sheriff of Knox County, Defendants-Appellees.

No. 1–1282A367.

Court of Appeals of Indiana, First District.

June 28, 1983.

Joe D. Black, Ramsey & Black, Vincennes, for plaintiff-appellant.

James W. Funk, Kimmell, Funk & Cummins, Vincennes, for defendants-appellees.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Appellant Tony Barnes, Jr. appeals from an order of the Sullivan Circuit Court granting appellees' motion for summary judgment in an action for false imprisonment. We reverse and remand.

## FACTS

Tony Barnes, Jr. was arrested on September 13, 1980, by members of the Bicknell City Police Department, pursuant to an attachment issued by the Knox County Superior Court. He was then transported to the county jail by deputy James Wilson of the Knox County Sheriff's Department. On September 15, 1980, the Knox Superior Court informed the sheriff's department that the warrant should have been issued for Tony Barnes, Sr., and ordered that Barnes, Jr. be released. Barnes then brought suit against Deputy Wilson, Casper Memering—the Knox County Sheriff, and the Knox County Board of Commissioners. Upon defendants' motion, the Sullivan Circuit Court granted summary judgment and dismissed the cause. From a denial of his motion to correct errors, Barnes now appeals.[1]

## ISSUE

Barnes raises a number of issues on appeal. However, these may be consolidated in one all-encompassing issue:

Did the trial court err, as a matter of law, in granting defendants' motion for summary judgment?

## DISCUSSION AND DECISION

The trial court erred, as a matter of law, in granting summary judgment upon defendants' motion.

---

1. No appeal has been taken from the summary judgment in favor of the county board.

Summary judgment is a procedure for applying the law to facts when no factual controversy exists. *Poxon v. General Motors Acceptance Corp.,* (1980) Ind.App., 407 N.E.2d 1181, 1183. The trial court should grant summary judgment only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits and testimony, if any, show that the moving party is entitled to judgment as a matter of law." Indiana Rules of Civil Procedure, Trial Rule 56(C). *See also Moll v. South Central Solar Systems, Inc.,* (1981) Ind.App., 419 N.E.2d 154, 159; *Campbell v. Eli Lilly & Co.,* (1980) Ind.App., 413 N.E.2d 1054, 1057, *trans. denied; Kendrick Memorial Hospital, Inc. v. Totten,* (1980) Ind.App., 408 N.E.2d 130, 131. On appeal, this court applies the same standard of review as does the trial court. *Matter of Estate of Belanger,* (1982) Ind. App., 433 N.E.2d 39, 42, *trans. denied; Richardson v. Citizens Gas & Coke Utility,* (1981) Ind.App., 422 N.E.2d 704, 710. We look to determine whether any genuine issue of material fact exists and whether the law was correctly applied. *Campbell; Smith v. P. & B. Corp.,* (1979) 179 Ind.App. 693, 695, 386 N.E.2d 1232, 1234, *trans. denied.* In determining whether a genuine issue of material fact exists, we accept as true all facts set forth by the non-moving party and resolve all doubts against the movant. *Barnd v. Borst,* (1982) Ind.App., 431 N.E.2d 161, 165, *trans. denied; English Coal Co. v. Durcholz,* (1981) Ind.App., 422 N.E.2d 302, 303, *trans. denied; Campbell.* It is manifest that the granting of a motion for summary judgment is inappropriate if the trial court must weigh conflicting evidence in order to reach its decision. *Barnd; McKenna v. City of Fort Wayne,* (1981) Ind.App., 429 N.E.2d 662, 664. Where a genuine issue of material fact exists, a grant of summary judgment must be deemed improper.

Barnes argues that a disputed issue of material fact exists concerning whether the deputy transporting him was made aware of facts which should have prompted an investigation into Barnes' true identity and mistaken detention. Both parties presented affidavits on the motion for summary judgment. Deputy Wilson's affidavit stated, in part:

"5. At that time, the Bicknell City Police Department notified the Knox County Sheriff's Department that they had said Tony W. Barnes in their custody at the Bicknell City Hall, Bicknell Police Department in Bicknell, Indiana.

6. That, at that time, Deputy Sheriff James Wilson, accompanied by Special Deputy Rex Allen, went to the City Jail in Bicknell, Indiana, and picked up a subject identified as Tony W. Barnes and transported him to Vincennes, Indiana, to the County Jail.

7. That at no time did the subject identify himself as being other than the Tony W. Barnes named in said warrant.

8. That on Monday, September 15, 1980, said Tony W. Barnes was taken before Judge Theobald in the Superior Court of Knox County and, after questioning the subject, said judge informed the Sheriff's Department that the warrant should have been issued for a Tony W. Barnes, Sr., and that the subject being held by the County Sheriff's Department should be released."

Record at 39–40. However, Barnes presented an affidavit in opposition to the motion which stated, in part:

"3. That when the Knox County Deputy came he had a warrant for Tony R. Barnes and he read me my rights.

4. That I asked numerous questions about what the warrant was for but he could not tell me.

5. I asked him how old the warrant was and he advised me it was seven months old.

6. I told him I had been out of town for some time and that I had done nothing wrong and I kept telling him that they had the wrong man. The Deputy kept saying to me we have a warrant for Tony Barnes and refused to believe that I was the wrong man.

7. I was transported to the Knox County Jail and I repeatedly asked the

Deputy what it was about and told him he had the wrong man but he still took me anyway.

8. I was held in jail over the weekend and at almost every opportunity during that time I told any deputy who would listen that they had the wrong man and would they please check it out. However, they refused to release me and I did not find out what I was being held for until I was taken to court the following Monday morning."

Record at 44. As we previously noted, on a motion for summary judgment, the court must accept as true all facts set forth by the non-moving party and resolved all doubts against the movant. *Barnd; English Coal.* Clearly then, if the deputy's knowledge of Barnes' identification is material, the court erred in granting summary judgment. Whether a fact is material is determined by reference to applicable law.

There are generally two views concerning a police officer's civil liability for false imprisonment arising from the service of a warrant, where the warrant is mistakenly served on an individual having the same name, or a name similar to that stated on the warrant. *See generally* 32 Am.Jur.2d *False Imprisonment* § 85 (1982); Annot., 10 A.L.R.2d 750 (1950). One school of thought holds that the officer acts at his peril in serving a warrant. *See, e.g., Schnaufer v. Price,* (1939) Tex.Civ.App., 124 S.W.2d 940. The other, more prevalent view, however, would relieve the officer of liability where he had a good faith belief that the person arrested and the person named in the warrant were identical, and where no information was presented to the officer which would tend to negate his belief or indicate that further investigation was required. *See, e.g., Filer v. Smith,* (1893) 96 Mich. 347, 55 N.W. 999; *Mildon v. Bybee,* (1962) 13 Utah 2d 400, 375 P.2d 458. A search by this court has failed to discover any Indiana cases on point. We are, therefore, faced with a question of first impression in this state.

■ In addressing that question, this court finds itself persuaded by the good faith position advanced by appellant. Adoption of the position that the officer acts at his peril could lead to situations in which the mistakenly-detained arrestee would remain silent as to his true identity and subsequently recover in a civil suit for damages. The good faith position, on the other hand, would require the detainee to bring to the officer's attention facts which would tend to show that the wrong individual had indeed been detained. Absent such action, the arrestee would effectively be precluded from consummating a civil action against the officer. Accordingly, we hold that where an officer executes a warrant, and believes in good faith that the person taken into custody is the person named in the warrant, the officer will not be civilly liable in an action for false imprisonment absent circumstances tending to suggest that the wrong person has been arrested.

■ Having adopted the good faith position, we must conclude that the trial court erred in granting defendants' motion for summary judgment. The court apparently applied the good faith test, without so denominating it, when it stated in the entry of November 22, 1982:

"This cause having heretofore been argued on the defendants' Motion for Summary Judgment and the Court having taken ruling on said Motion under advisement . . . the Court now finds that the Plaintiff herein, by reason of identical names to his father, was arrested by mistake by the defendant, Joe Wilson, after the Bicknell police had taken him into custody and that the Joe Wilson was unaware that he had arrested the wrong person, but as soon as same had been determined, the Court discharged the said Plaintiff and the Court now grants the Motion for Summary Judgment filed on behalf of the defendants and this cause is now dismissed."

Record at 48, 50. Under the good faith test, the deputy's knowledge of Barnes' misidentification would be a material fact. Given the nature and contents of Barnes' affidavit in opposition to the motion, there clearly existed a disputed issue of material

fact. From the language of the court's order, we cannot but reach the conclusion that the trial court weighed the evidence in granting the motion, and in so doing committed reversible error. *Barnd; McKenna.* Accordingly, we reverse the trial court's grant of summary judgment and remand for trial upon the merits.

Reversed and remanded.

ROBERTSON, P.J., and NEAL, J., concur.