Patricia S. DELK F/N/A Patricia S. Ritchie, Appellant (Plaintiff Below),

v.

BOARD OF COMMISSIONERS OF DELAWARE COUNTY, Indiana, Delaware County, Indiana, Gary Carmichael, Sheriff of Delaware County, in his Capacity as Sheriff of Delaware County, Indiana, and Individually, Unnamed Deputies of the Delaware County, Indiana Sheriff's Office, in their Official Capacity and Individually, and James A. Hollowell, Appellees (Defendants Below).

No. 2–385 A 74.

Court of Appeals of Indiana, Second District.

Jan. 29, 1987.

Max Howard, Anderson, for appellant.

Albert C. Harker, H. Joseph Certain, Marion, Richard Reed, Muncie, for appellees.

SHIELDS, Presiding Judge.

Patricia Delk appeals the summary judgment granted defendants-appellees Delaware County Sheriff and unnamed deputies in their individual and official capacities, the Delaware County Commissioners in their official capacities, and Delaware County, in her action against them for false imprisonment and violation of her civil rights.

### FACTS

On August 13, 1982 Delk was mistakenly served with a Delaware County Court Division I Order to appear in court at 1:30 that afternoon to show cause why she should not be held in contempt. The order to show cause was directed to Pat Williams, also known as Pat Cowden, Pat Redwine, Pat Wombles and Pat Richey at the Varsity Barber Shop. Patricia Delk, whose name at the time was Ritchie, was employed at the Varsity Barber Shop. Although Delk expressed confusion and puzzlement to Deputy Sheriff Mattingly who served the order, she proceeded to the county court facility. There, the bailiff realized the mistake and assured Delk she could return to work without worry.

When Pat Williams did not appear in county court at 1:30, a body attachment was issued for her arrest. The aliases shown on the body attachment were Patricia Corder, Patricia Redwine and Patricia Wombles. Although the Varsity Barber Shop was not a listed address and Pat Richey was not a listed alias, Deputy Mattingly again went to the Barber Shop, accompanied by two other deputies, and arrested and handcuffed Delk over her protestations. Delk was taken to the Delaware County Jail and then to the county court where, for the second time, she was recognized as not being Pat Williams and was ordered released.

### ISSUE

■ The issue on appeal, restated, is whether summary judgment was proper.[1]

We affirm in part and reverse in part.

### DISCUSSION

■ In reviewing the grant of a motion for summary judgment, the Court of Appeals applies the same standard applicable in the trial court. *Jones v. City of Logansport* (1982), Ind.App., 436 N.E.2d 1138, *reh. denied* 439 N.E.2d 666. Summary judgment is proper only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Indiana Rule of Trial Procedure 56(C); *Kahf v. Charleston South Apartments* (1984), Ind.App., 461 N.E.2d 723. A fact is material if it helps prove or disprove an essential element of the plaintiff's cause of action. *See Fort Wayne Patrolman's Benevolent Ass'n., Inc. v. Fort Wayne* (1980), Ind.App., 408 N.E.2d 1295, 1297, *reh. denied* 411 N.E.2d 630, citing *Stuteville v. Downing* (1979),

---

1. In granting summary judgment, the trial court entered findings of fact and conclusions of law and Delk states her appellate issues responsive to the court's findings. However, findings of fact generally are meant to resolve factual issues, and are inappropriate in a summary judgment proceeding because summary judgment is only proper where there is no issue of material fact. *Celina Mut. Ins. Co. v. Forister* (1982), Ind.App., 438 N.E.2d 1007, 1012 n. 4. Also, although conclusions of law can be useful in delineating the theories on which the trial court relied, as a general rule they do not change our scope of review, which is to affirm the trial court on any possible basis. *Havert v. Caldwell* (1983), Ind., 452 N.E.2d 154, 157. Thus, rather than discussing the case through Delk's formulation of the issues, we restate the issue as whether summary judgment was proper.

181 Ind.App. 197, 391 N.E.2d 629. Finally, because neither the Delaware County Sheriff nor his unnamed deputies filed an answer brief, Delk need only show prima facie error to secure a reversal of the summary judgment in favor of those parties.

## I.

### PROPRIETY OF SUMMARY JUDGMENT IN FAVOR OF THE DELAWARE COUNTY SHERIFF AND HIS UNNAMED DEPUTIES

#### 1. False Imprisonment

■ False imprisonment consists of an unlawful restraint on one's freedom of movement against his will. *Grooms v. Fervida* (1979), 182 Ind.App. 664, 396 N.E.2d 405. In proving restraint on freedom of movement, incarceration need not be shown. Rather, it is sufficient to show a person's freedom of movement was in some manner restricted against his will. For example, in *Brickman v. Robertson Bros. Dept. Store, Inc.* (1964), 136 Ind.App. 467, 202 N.E.2d 583, this court held the plaintiff made a prima facie showing of unlawful restraint by evidence the department store detective "grabbed the plaintiff's arm above the elbow and stopped his forward progress and ordered and demanded in a stern and firm voice carrying authority that the plaintiff accompany [him] back to the store...." 136 Ind.App. at 471, 202 N.E.2d at 586. Here, the undisputed evidence is Delk was seized, handcuffed, and taken against her will to the Delaware County Jail. This constitutes a prima facie showing of restraint of Delk's freedom of movement.

■ The next consideration is whether the restraint of movement was unlawful. Where an arrest is pursuant to a body attachment or warrant, and the person seized is not the person named in the attachment or warrant, the document neces-

sarily does not provide lawful authority for the person's seizure. Thus, if, as here, there is not other authority for the person's seizure, the restraint is unlawful.

■ However, the affirmative defense of good faith shields the arresting officer from liability for an unlawful seizure based upon a mistaken identification of the person named in the attachment or warrant if the officer has exercised reasonable diligence and care in ascertaining identity before serving the warrant. *Barnes v. Wilson* (1983), Ind.App., 450 N.E.2d 1030, 39 A.L.R. 4th 699 (good faith defense where name of person arrested identical or similar to name on body attachment); *Mildon v. Bybee* (1962), 13 Utah 2d 400, 375 P.2d 458 (good faith defense where person arrested is not similar in name or appearance to person named on warrant but other fact or circumstance causes an identification of person arrested as person named on the process); 32 Am.Jur.2d *False Imprisonment* § 85 (1982). The existence of the defense, *i.e.*, whether the arresting officer used due diligence and reasonably believed the person arrested was the person intended by the attachment or warrant, is normally a question of fact. *Barnes v. Wilson;* 32 Am.Jur.2d *False Imprisonment* § 85 (1982).[2]

■ In the present case, there is a genuine issue of material fact concerning the defense of good faith and, accordingly, the trial court erred in granting summary judgment to the sheriff and his deputies based upon that defense. Granted, the sheriff's deputy who received the body attachment stated, in his affidavit, the court reporter who delivered the attachment ordered him "to go back to the Varsity Barber Shop and get the lady because she didn't show up for the 1:30 p.m. citation hearing." Record at 231. However, this statement of good faith was rebutted by the court reporter who, in her deposition, stated she did not

---

**2.** Contrary to the defendants' contentions in the trial court, it is irrelevant the body attachment is regular on its face because that defense is only available to an arresting officer when he arrests the person named in an attachment or warrant improvidently issued. Under those cir-

cumstances, the officer can in good faith rely on the warrant because he is not required to question the judicial officer issuing the warrant or attachment as to the legal basis for its issuance. *See Stine v. Shuttle* (1962), 134 Ind.App. 67, 186 N.E.2d 168.

have any conversation concerning the attachment with the deputy to whom she delivered the document. In addition, the unrebutted evidence is neither Delk's name, which at the time was Ritchie, nor her place of employment was on the attachment. Finally, the arresting officer did not make any effort to verify the propriety of his restraint of Delk even in the face of her protestations of error.

This evidence creates a genuine issue of fact material to the issue of the deputies' exercise of reasonable diligence and care in seizing Delk. Consequently, summary judgment was inappropriate as to the unnamed deputy sheriffs, in their individual and official capacities, whose conduct was in question. Further, because the deputies are under the control of the Sheriff of Delaware County, Ind.Code Ann. § 36–8–10–4(a) (Burns Supp.1986), the sheriff is responsible for the torts of his deputies. Hence, the summary judgment was inappropriate as to that official.

### 2. Civil Rights Liability

In her appellate brief, Delk fails to argue the summary judgment granted the sheriff and his deputies with respect to her civil rights claim based upon 42 U.S.C. § 1983 is erroneous. Consequently, that issue is waived. Indiana Rule of Appellate Procedure 8.3.

## II.

### LIABILITY OF DELAWARE COUNTY AND DELAWARE COUNTY COMMISSIONERS

Delk bases her claim against the county and its commissioners [3] on the theory they are responsible for the acts of the individual deputies. However, it is axiomatic an agency relationship must exist before imputed liability under the principle of *respondeat superior* is applicable. A key element in the existence of an agency relationship is the ability of the principal to control the work of the agent. *United Artists Theatre Circuit Inc. v. Ind. Dept. of State Revenue* (1984), Ind.App., 459 N.E.2d 754.

The county commissioners, and, accordingly, the county, does not have any control over the acts of the sheriff. The sheriff is an office created by Article 6, § 2 of the Indiana Constitution and the powers and duties of the office are established by the Legislature. *See, e.g.,* Ind.Code Ann. § 36–2–13–5 (Burns Supp.1986). Although the county commissioners have limited emergency powers relating to the appointment of extra deputies, those powers do not relate to the ability to control the acts performed by any deputy or, indeed, by the sheriff. *See* Ind.Code Ann. § 36–8–10–6(b) (Burns 1981). Hence, an agency relationship does not exist between the county and its commissioners and the sheriff. Consequently, the principle of *respondeat superior* cannot provide a basis for the county or the commissioners' liability on either the theory of false imprisonment or the alleged violation of Delk's civil rights.[4] Accordingly, the trial court properly entered judgment for the county and its commissioners.

The judgment of the trial court is reversed as to Delk's claim for false imprisonment against the Delaware County Sheriff and certain unnamed deputies and that cause is remanded for further proceedings; the judgment of the trial court is affirmed as to Delk's claim for violation of her civil rights against the Delaware County Sheriff and certain unnamed deputies and as to all claims against Delaware County and its commissioners.

Costs taxed one-half to appellants; one-half to appellees.

RATLIFF, C.J., and BUCHANAN, J., concur.

**3.** There is no difference between the county and the county commissioners because the county commissioners are only sued in their official capacities.

**4.** Furthermore, a claim of responsibility based upon *respondeat superior* does not state a claim upon which relief may be granted under 42 U.S.C. § 1983. *Monell v. Dept. of Social Services of the City of New York* (1978), 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611.