In the Matter of the Arbitration of East-
brook Education Association and East-
brook Community Schools Corpora-
tion.

**EASTBROOK COMMUNITY SCHOOLS
CORPORATION, Appellant
(Plaintiff Below),**

v.

**EASTBROOK EDUCATION
ASSOCIATION, Appellee
(Defendant Below).**

No. 34A04–8907–CV–280.

Court of Appeals of Indiana,
Fourth District.

Dec. 20, 1990.

Publication Ordered Jan. 30, 1991.

Arden W. Zobrosky, Marion, for appel-
lant.

Richard J. Darko, Richard S. Pitts, Lowe
Gray Steele & Hoffman, Indianapolis,
Christopher Johnson, Kokomo, for appellee.

CHEZEM, Judge.

### Case Summary

Plaintiff/Appellant, Eastbrook Communi-
ty Schools Corporation (School Corpora-
tion), appeals the trial court's grant of sum-
mary judgment to Defendant/Appellee
Eastbrook Education Association (Associa-
tion), in their action to vacate an arbitration
award in favor of Association. We affirm.

### Issues

Appellant raises three (3) issues which
we restate as follows:

I. Whether the arbitrator's decision dis-
regarded the Indiana Certified Educational
Employee Bargaining Act (CEEBA), Ind.
Code. 20–7.5–1–1 et seq., by making a unit
determination and whether his decision
went beyond his jurisdiction.

II. Whether the arbitrator's decision
should be vacated pursuant to I.C. 34–4–2–
13(a)(3), (because he exceeded his authority
under the Collective Bargaining Agreement
between the parties) and to I.C. 20–7.5–1–4
(because the decision amended, added to
and supplemented provisions of the Agree-
ment.)

III. Whether the trial court erred in
granting summary judgment.

## Facts

On April 13, 1987, the head basketball coach of Eastbrook High School resigned. The following day, the position of head basketball coach was posted in accordance with Article VI, Section B(1) of the parties collective bargaining agreement, which states:

All vacancies in certified positions occurring in the Corporation shall be posted for a period of ten (10) working days except between July 15 and September 1.

Moe Smedley (Smedley) was selected for the head basketball coaching position; however, there was no teaching vacancy for which Smedley was qualified. Therefore, Smedley was appointed to two additional responsibilities: assistant attendance officer and assistant athletic director. The Association filed a grievance on June 30, 1987, based on the School Corporation's failure to post and fill the assistant attendance officer and assistant athletic director's positions in accordance with Article VI, Section B(1) of the Collective Bargaining Agreement, *supra.*

The School Corporation denied the allegations of the grievance on the grounds that:

1. The head basketball coach position had been posted and filled properly under the agreement.

2. The Board had the authority to assign its workload and duties.

3. The duties were assigned as administrative in nature and not subject to the agreement.

4. The duties assigned to Smedley were not the creation of three separate positions but were assigned as additional duties within the prerogatives of the School Corporation in the operation of the school system.

The matter proceeded to arbitration as provided in the party's Agreement. The School Corporation objected to the arbitration on the ground that the grievance involved a CEEBA unit determination matter which jurisdiction was vested solely in the Indiana Education Employees Relations Board (I.E.E.R.B.) and was not within the jurisdiction of the arbitrator to make such a determination.

At the arbitration hearing, the School Corporation's business manager and assistant superintendent, John Bragg, testified that the positions were, in the past, "negotiated with the Association both as to the duties involved and pay scale for these jobs." Rod Ellcessor, former president and the bargaining spokesman for the Association at the time of the arbitration, claimed there was "a binding past practice of posting all extracurricular activity or extra duty slots and that the Assistant Athletic Director is properly placed in that category." He also testified that although there is no specific mentioning of these positions in the recognition clause of the agreement, in the past when positions such as these opened, the Board specifically came to the Association and bargained for an exception to the recognition clause.[1]

Following the arbitration hearing, Elliott H. Goldstein, the arbitrator, entered the following award:

1. The grievance is substantively arbitrable.

---

1.

### ARTICLE I

#### RECOGNITION

A. In accordance with the acts of Indiana 1973, Public Law 217, the Eastbrook Community Schools Corporation hereby posts as its notification of intent to recognize Eastbrook Classroom Teachers Association as the exclusive representative of certified employees in the following bargaining unit:

All certified employees, as defined in P.L. 217—, Eastbrook Community Schools Corporation, except for the School Superintendent, Principals, Assistant Principals, Athletic Director, Director of Special Education and Reading Coordinator.

B. School employees shall have the right to form, join, or assist employee organizations, to participate in collective bargaining with school employers through representatives of their own choosing and to engage in other activities, individual or in concern, for the purpose of establishing, maintaining or improving salaries, wages, hours, salary and wage fringe related benefits and other matters as defined in P.L. 217.

C. The Board agrees not to bargain with any individual, nor to bargain with or recognize any teachers' organization other than the Association for the duration of the contract.

2. The Employer [School Corporation] is required to do the proper posting of the vacant position of Head Boy's Basketball Coach/Assistant Athletic Director/Assistant Attendance Officer after appropriate bargaining for salary and other related conditions, if such a job is still desired by Management to be filled; and,

3. The three distinct groupings of duties are not separate positions as the Association contends; nevertheless, the entire job configuration falls within work properly covered under the Recognition Clause of the Collective Bargaining Agreement.

On September 15, 1988, the School Corporation filed its "Action and Motion to Vacate or Modify Arbitration Award." The action was venued from Grant Circuit Court to Howard Circuit Court. The Association moved for summary judgment on the complaint, and requested the court confirm the arbitrator's award. The School Corporation's motion was denied and the Association's motion for summary judgment and confirmation was granted. It is from this order that the School Corporation now appeals.

### Discussion and Decision

We first note that this is an appeal from a grant of summary judgment. When reviewing a summary judgment, the standard of review is the same as it was for the trial court: whether there was no genuine issue of material fact and whether the moving party was entitle to judgment as a matter of law. *Farm Bureau Co-op v. Deseret Title Holding Corp.* (1987), Ind.App., 513 N.E.2d 193. We stand in the position of the trial court and consider the same matters. *Moll v. South Central Solar Systems* (1981), Ind.App., 419 N.E.2d 154. A fact is material for summary judgment purposes if it helps to prove or disprove an essential element of the plaintiff's cause of action. *Delk v. Board of Commissioners of Delaware County* (1987), Ind.App., 503 N.E.2d 436.

### I.

■ The first issue raised is whether the arbitrator's determination was within the bounds of CEEBA and of his jurisdiction. The School Corporation argues the arbitrator made a unit determination outside of the scope of his jurisdiction because the duties assigned to Smedley were primarily supervisory and administrative in nature, therefore, he did not belong in the bargaining unit. We, however, do not agree that this is a unit determination. The basis of this dispute is a disagreement over interpretation of the contract. The School Corporation repeatedly cited sections of the contract as the basis of its claim. The application of the word "certified" in Article VI, Section (B)(1) ("All vacancies in *certified* positions occurring in the Corporation shall be posted for a period of ten (10) working days except between July 15 and September 1.") was the main issue, not whether the positions in dispute are within the bargaining unit. The arbitrator was asked to determine whether two (2) additional positions given to Smedley were subject to the posting and negotiation rights of the Collective Bargaining Agreement. Since the arbitrator found that this issue came within the clauses of the contract, he properly found he had jurisdiction. "Since arbitration arises through contract the parties are essentially free to define for themselves what questions may be arbitrated, the remedies the arbitrator may afford, and the extent to which the decision must conform to the general principals [sic] of law." *School City of East Chicago v. East Chicago Federation of Teachers* (1981), Ind.App., 422 N.E.2d 656, 662. This issue does not merit reversal of summary judgment since the contract clearly gives the arbitrator jurisdiction over contract disputes. This is not a unit determination issue to be made under CEEBA.

### II.

■ The School Corporation next asserts that the arbitrator exceeded his authority under the Agreement and exceeded I.C. 20–7.5–1–4 by amending the Agreement. We do not agree with this assertion. Because we have found that the arbitrator was within his jurisdiction to decide the issues at hand, we point out "where the

arbitrator has jurisdiction of the case and of the parties it is only where he affords a form of relief that public policy does not permit the parties to voluntarily agree to, that he acts beyond his jurisdiction that the award is void and subject to collateral attack." *Id.* at 662. The arbitrator was not determining the makeup of the bargaining unit but defining terms of the Agreement. The arbitrator's decision that the positions were not supervisory or administrative but were "certified" is not beyond the realms of the public policy, statutory guidelines, or the arbitrator's jurisdiction. The arbitrator was clarifying the term, not expanding it. We agree with the Association that there is statutory authority for the determination that the positions are certifiable and are required to be licensed. "With the exception of ex officio officers, no person may hold the office of attendance officer unless he has complied with all standards of the state board of education and has been properly licensed by that body." I.C. 20–8.1–3–13. We find no persuasive argument that the arbitrator's decision is without merit. He found:

> It also seems clear to me that the duties involved in the Assistant Athletic Director function also relate to *teaching* although not as directly or in a manner so that Indiana has required a certificate for the job. In the job description for the Assistant Athletic Director (Jt.Ex. 7), under Qualifications, No. 2, it reads: 'Should have successful experience at teaching....' Moreover, the Association produced some evidence that the function of Assistant Athletic Director for the Junior High is akin to coaching duties and the like. Therefore, absent persuasive proof that the job entailed administrative or supervisory functions, it seems plain to me that like the Head Boys' Basketball provision, these duties are essentially in the nature of 'extra duties.'

We find that the School Corporation's argument that the positions are administrative and supervisory have been properly determined by the arbitrator without amending the Agreement or making a unit determination. There is no public policy

prohibition that would merit voiding the award or raise issues that exceed the summary judgment stage.

We recognize that Smedley's job description, as set out in the School Corporation's affidavit, states:

> B. He *supervised:*
> (1) Coaching staff: Grades K–8.
> (2) Individuals employed to assist in programming.

However, because we are confined to determine if the School Corporation has shown grounds for challenge under I.C. 34–4–2–13 *infra.*, and we recognize no such grounds, we must affirm the trial court's decision.

Because we do not agree with the School Corporation that the arbitrator was making determinations as to bargaining units, we agree with the trial court that there exists no issue of material fact. The trial court had a duty to confirm the arbitrator's award unless one of five specific grounds for vacation of that award existed. They are:

> I.C. 34–4–2–13 *Vacating an award* (a) Upon application of a party, the court shall vacate an award where:
> (1) The award was procured by corruption or fraud;
> (2) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;
> (3) The arbitrators exceeded their powers and the award cannot be corrected without affecting the merit of the decision upon the controversy submitted;
> (4) The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of section 6 [34–4–2–6] of this chapter, as to prejudice substantially the rights of a party; or
> (5) There was no arbitration agreement and the issue was not adversely determined in proceedings under section 3 [34–4–2–3] of this chapter and the party did not participate in the arbitration hear-

ing without raising objection; but the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award.

Our role in reviewing an arbitration award is confined to determining whether the School Corporation has shown grounds for challenge under I.C. 34–4–2–13. *National R.R. Passenger Corp. v. Chesapeake & O. Ry. Co.*, C.A.1977, 551 F.2d 136. The School Corporation failed to show that any of these criteria for vacation have been met.

Affirmed.

MILLER, P.J., and BAKER, J., concur.