**DELAWARE COUNTY CIRCUIT COURT, Delaware County Board of Commissioners, Council, Treasurer and Auditor, Appellants–Defendants,**

v.

**INDIANA CIVIL RIGHTS COMMISSION and Debra Salais, Appellees–Plaintiffs.**

**No. 49A02–9811–CV–939.**

Court of Appeals of Indiana.

Nov. 15, 1999.

---

John M. Feick, Cross, Marshall, Schuck, Deweese, Cross & Feick, P.C., Muncie, Indiana, Attorney for Appellants.

Jacquelyn Thompson, Staff Attorney, Indiana Civil Rights Commission, Indianapolis, Indiana, Attorney for Appellees.

## OPINION

GARRARD, Judge

### Case Summary

The Delaware County Circuit Court ("Circuit Court") and the Board of Commissioners, Council, Auditor and Treasurer of Delaware County (collectively, "Delaware County") appeal the trial court's decision ordering the County to pay the judgment against the Circuit Court and imposing a ten percent interest rate on the judgment.

### Statement of the Issues

Delaware County raises the following issues for our review which we restate as:

I. Whether the trial court erred in ordering Delaware County, a nonparty, to pay the judgment against the Circuit Court; and

II. Whether the trial court erred in ordering interest to be paid on the judgment at a rate of ten percent.

## Facts and Procedural History

The facts most favorable to the judgment are as follows. Debra Salais was employed at the Juvenile Center operated by the Circuit Court. In October 1983, after an altercation with a juvenile detainee, Salais took a leave of absence. After a six-month leave, Salais was prepared to return to work, but Judge Caldemeyer refused to allow her to return. In May 1984, Salais was discharged. Salais suffers from Bipolar Disorder or manic-depression.

Salais then filed a discrimination complaint with the ICRC against Judge Caldemeyer, the Circuit Court, and the Juvenile Center. In June 1987, the ICRC found that Salais was unlawfully terminated from her employment based upon handicap discrimination. On October 16, 1987, the full Commission adopted the findings and ordered the Circuit Court to pay Salais lost wages and employment benefits in the amount of $55,444.47. The Circuit Court sought judicial review of the ICRC's decision, and the supreme court affirmed the decision in *ICRC v. Delaware County Circuit Court,* 668 N.E.2d 1219 (Ind.1996).

The ICRC made repeated attempts to collect the award from the Circuit Court. In March 1997, pursuant to IND.CODE § 4–21.5–6–1, the trial court reduced the ICRC's award to a judgment and ordered the Circuit Court to pay interest on the judgment. In May 1997, the Circuit Court filed an original mandamus action alleging that the State was required to defend and indemnify it for the amount due Salais in the ICRC's civil enforcement proceeding. The trial court entered summary judgment in favor of the state and against the Circuit Court.

The Circuit Court and Delaware County continued to resist payment of the judgment despite several demands made by the ICRC. The ICRC then filed an application for writ of assistance to enforce the judgment under Ind. Trial Rule 70 and re-quested that the court add the Delaware County Commissioners, Council, Auditor, and Treasurer as parties necessary to satisfy the judgment against the Circuit Court. In November 1998, the trial court granted the ICRC's application for writ of assistance and ordered Delaware County to pay the judgment out of county funds. This appeal ensued.

## Discussion and Decision

### I. Enforcing the Judgment

■ First, Delaware County asserts that it is not the proper entity to pay the judgment against the Circuit Court because the Circuit Court is a state entity. Therefore, Delaware County argues, the state is responsible for the judgment.

Delaware County correctly notes that the Circuit Court is a state entity. In *J.A.W. v. State,* this court stated that "county courts are exclusively units of the judicial branch of the state's constitutional system and as such are not units of county government." 650 N.E.2d 1142, 1150 (Ind. Ct.App.1995), *aff'd in relevant part,* 687 N.E.2d 1202 (Ind.1997) (citations omitted); *see also Lake County Juvenile Court v. Swanson,* 671 N.E.2d 429, 434 (Ind.Ct. App.1996), *trans. denied.* However, the court also noted that "Indiana law has long required that county government directly finance the operation of the state trial court system." *J.A.W.,* 650 N.E.2d at 1150 (citing *Pruitt v. Kimbrough,* 536 F.Supp. 764, 766 (N.D.Ind.1982)).

■ Moreover, Indiana Code Section 31–31–8–3 [1] specifically provides for the financing of the operations of the Juvenile Center:

. . . .

(c) If the juvenile court operates the juvenile detention and shelter care facilities, the judge shall appoint staff and determine the budgets.

(d) The county shall pay all expenses.

While the Circuit Court is a unit of the judicial branch of the state's constitutional

---

1. Formerly Indiana Code Section 31–6–9–5.

system, the expenses of the court are paid for by the county. Thus, Delaware County is responsible for "all expenses" of the operation of the Circuit Court including the salaries of support court personnel.

This court recently addressed this issue in *Mears v. Lake County Council,* 709 N.E.2d 747 (Ind.Ct.App.1999). In *Mears,* the state appealed the trial court's denial of summary judgment on Lake County's cross-claim for indemnification. The county sought indemnification for a judgment entered against the juvenile court. Lake County argued that the state was responsible for payment of the judgment because the juvenile court is a state entity. The court concluded: "legal costs and judgments . . . fall into the definition of expenses. Therefore, we believe that the 'expenses' provided for in IC 31–6–9–5(b) include legal costs incurred in defending the Employees, and the payment of any judgment that might be entered against the Employees." *Id.* at 749. Likewise here, the judgment against the Circuit Court is an "expense" in operating the Juvenile Center. Therefore, Delaware County is obligated to pay the judgment.

■ Salais and the ICRC have a valid final judgment and are entitled to payment. *See ICRC v. Delaware County Circuit Court,* 668 N.E.2d 1219 (Ind.1996) (affirming the award of the Commission). In pursuit of payment, the ICRC and Salais sought a writ of assistance under Ind. Trial Rule 70(A) to enforce the judgment. Salais and the Commission rely on the Fifth Circuit's interpretation of Federal Rule 70, which is similar to our Trial Rule 70(A), in seeking a writ of assistance. In *Gates v. Collier,* 616 F.2d 1268 (5th Cir. 1980), the Fifth Circuit held that Fed. Rule 70 authorized the district court's order directing the state auditor and treasurer to pay the judgment. Although the Fifth Circuit has used Federal Rule 70 as a vehicle for enforcing a money judgment, we decline to do so in this case. Rather, given Delaware County's clear obligation to pay the judgment against the Circuit

Court, we conclude that the Delaware County Auditor should pay this judgment.

Under Indiana Code Section 36–2–6–4(b), the court has the authority to order the county auditor to pay a judgment. Section 36–2–6–4(b) states: "[T]he county auditor may issue a county warrant for payment of a claim against the county only if the executive or a court orders him to do so." We interpret this to include any court with jurisdiction. Thus, the Marion Superior Court in this action may order the Delaware County Auditor to pay the judgment.

■ Although the Delaware County Auditor was not a party to the original proceedings determining liability in this matter, we conclude that the Auditor is a proper party against whom this judgment can be enforced. Indiana Trial Rule 71 provides in pertinent part:

> [W]hen obedience to an order may be lawfully enforced against a person who is not a party, he is liable to the same process for enforcing obedience to the order as if he were a party.

Given the fact that Delaware County is obligated to pay the judgment against the Circuit Court and that the Auditor may be ordered by the court to pay any claim against the county, we conclude that any error in adding the Delaware County Auditor was harmless. The trial court erred, however, in adding the Delaware County Council, Commissioners, and Treasurer as parties in this proceeding as they are not necessary parties to this action.

## II.  Interest

■ Delaware County also asserts that the ten percent interest rate is improper as it is in excess of the statutory rate. We agree. In its order, the trial court awarded judgment against the Circuit Court in the amount of $55,444.47 plus post-judgment interest at a rate of ten percent per year. Indiana Code Section 24–4.6–1–101 provides:

Except as otherwise provided by statute, interest on judgments for money whenever rendered shall be from the date of the return of the verdict or finding of the court until satisfaction at:

. . . .

(2) an annual rate of eight percent (8%) if there was no contract by the parties.

In several cases, this court has concluded that a trial court lacks the authority to award interest in excess of the statutory rate to be paid on a judgment. *See, e.g., Crowe v. Crowe,* 555 N.E.2d 180 (Ind.Ct. App.1990); *Hasty v. Hasty,* 427 N.E.2d 1119 (Ind.Ct.App.1981). The statutory maximum applicable to this case for post-judgment interest is eight percent. Therefore, the trial court erred as a matter of law by ordering the Circuit Court to pay interest at a rate of ten percent on the judgment.

Accordingly, we affirm the principal judgment, correct the rate of post-judgment interest to 8% per annum, and remand to the trial court with instructions that it order the Auditor of Delaware County to pay the same within a time certain.

SULLIVAN, J. and BAILEY, J. concur.