JOHNSON, A.K.A. SCOTT, APPELLANT, *v.* CRAVENS ET AL., APPELLEES.

(No. C-830504—Decided
April 4, 1984.)

Mr. William C. Knapp, for appellant James Johnson, a.k.a. James H. Scott.

Messrs. Lindhorst & Dreidame and Mr. Steven Bailey, for appellees Jane A. Cravens and Claude Cravens.

Messrs. Beirne & Wirthlin, Mr. John S. Wirthlin and Mr. J. Stephen Wirthlin, for appellees Queen City Metro, Inc. and Donald Ferneding.

Per Curiam. This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

Plaintiff-appellant commenced the instant action against defendants-appellees to recover for injuries suffered by him when he was allegedly hit by an automobile driven by defendant Jane A. Cravens and owned by defendant Claude Cravens.[1] The incident from which plaintiff's claim arises occurred on January 12, 1981, shortly after 9:00 o'clock in the evening. At that time, plaintiff flagged down a bus proceeding westwardly on William Howard Taft Road, at the "T" intersection of that road and Bell Place, from the southwestern corner of the intersection. The bus was owned and operated by defendant Queen City Metro, Inc. and driven by defendant Donald Ferneding. A truck was parked at the designated bus stop closest to plaintiff, and the driver was forced to stop four or five feet past it. Plaintiff then proceeded to run north across William Howard Taft Road, crossing in front of the bus.

In his deposition, defendant Ferneding testified that plaintiff boarded the bus, placed a brown bag on the seat behind the driver, and then asked the driver if he would "wait a second as [plaintiff] thought he had dropped a book while he was running for the bus." The driver agreed to wait, and proceeded to turn to look at what plaintiff had set behind him. When he turned back around, Ferneding saw plaintiff sprinting in front of the coach. A "split second" later Ferneding testified that he heard an impact. "And the next thing [he] saw was * * * [plaintiff] rolling in the street."

Defendant Jane A. Cravens testified that she was just "even with the bus, that's when the hit occurred." "That's when I saw the individual," Cravens testified. "I just saw him. All I can remember is that it was like a flash out of the right-hand corner. He was running and he ran into the side of the car. It wasn't until after that I slowed down, and I did it because he went to the side. He hit me and then after that I just pulled up and slowed down up to the side."[2]

Upon timely motion, the trial court granted summary judgment for all named defendants. From this judgment, plaintiff has taken this timely appeal in which he asserts in a single assignment of error that the trial court erred to his prejudice in granting defendants' mo-

---

[1] In addition to those parties-defendant listed in the caption of the notice of appeal, the defendants below included the owner of the automobile, Claude Cravens, who was included in the entry of summary judgment for all defendants. He is treated in the briefs and arguments as a defendant-appellee. We assume his omission from the caption was an inadvertence of appellant's counsel.

[2] The police diagram, see infra, places the impact at the right front corner of the Cravens' automobile. The impact would appear, from the somewhat exiguous record before us, to have occurred within the implied crosswalk at the intersection. R.C. 4511.01 (LL)(1).

tions for summary judgment and dismissing his case.

Under Civ. R. 56(C), a motion for summary judgment shall be granted when (1) there is no genuine issue as to any material fact remaining for trial; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds could come to but one conclusion adverse to the party against whom the motion is made. *Temple* v. *Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 327 [4 O.O.3d 466]. Viewing the evidence most strongly in favor of the party against whom the motion is directed, as Civ. R. 56(C) requires, we conclude that no genuine issue of material fact, as to the liability of defendants Queen City Metro, Inc. and Donald Ferneding, remains for trial. We have no quarrel with the principle that a common carrier of passengers owes a duty of the highest degree of care to its passengers, and that the requirement that they be afforded a reasonably safe place to alight is among such duties of the common carrier, *Dietrich* v. *Community Traction Co.* (1964), 1 Ohio St. 2d 38 [30 O.O.2d 22]; however, that principle is not here involved. The plaintiff was indisputably afforded a safe place to enter and exit the bus. The hazard he encountered was after he voluntarily left the safety of the bus, and its immediate environs, dashed in front of the bus and out into an intersection where he was struck by the Cravens' automobile. At that point, there is authority which holds that the carrier-passenger relationship had ceased, *eo instanti*, upon alighting safely. See *Cleveland Ry. Co.* v. *Karbole* (1932), 125 Ohio St. 467, paragraph three of the syllabus. In any event, the duty of the carrier "extends to conditions within its control, and does not extend to vehicles operating in streets over which it·has no control. * * *" *Brinkmoeller* v. *Wilson* (1975), 41 Ohio St. 2d 223, 225-226 [70 O.O.2d 424]. Finding

that reasonable minds could come to but one conclusion, adverse to the plaintiff, on the evidence before the court, we hold that defendants Queen City Metro, Inc. and Donald Ferneding were therefore entitled to judgment as a matter of law. Plaintiff's assignment, as it relates to these two defendants, is overruled, and the judgment entered in their favor by the court below is accordingly affirmed.

As to the Cravenses, however, we find, under the above-articulated standard, that the testimony of the parties and the affidavit of Steve Freeman, and the attached diagram of the scene drawn by Cincinnati police officers, raise a genuine issue of material fact as to the negligence of defendant Jane Cravens under R.C. 4511.46(A) and (D), and as to negligent entrustment by defendant Claude Cravens. The defendants argue that the apparent violation by plaintiff of his correlative duty under R.C. 4511.46(B), together with his common law duty to exercise due care for his own safety when alighting from a common carrier onto the public highway, preclude plaintiff from recovering against them. See *Cleveland RR. Co.* v. *Sebesta* (1929), 121 Ohio St. 26; *Farrar* v. *Koontz* (1938), 58 Ohio App. 479 [12 O.O. 297]. These matters are, however, for resolution under the comparative negligence statute, R.C. 2315.19, if a trial of the issues demonstrates the existence of negligence on the part of the operator of the Cravens' automobile.

The judgment as to the defendants-appellees Jane A. Cravens and Claude Cravens is therefore reversed, and the matter is hereby remanded as to said appellees only for further proceedings according to law and consistent herewith.

*Judgment accordingly.*

PALMER, P.J., BLACK and DOAN, JJ., concur.

| | | | | |
|---|---|---|---|---|
| Cincinnati Police Division OH C I P 0 0 | TIME OF CRASH 2115 | MO. 1 | DAY 12 | YR. 81 |

STATE USE ONLY — ☐ FATALITY ☒ INJURY

CRASH OCCURRED IN (CITY, VILLAGE, TOWNSHIP)
Cincinnati

IN COUNTY OF Hamilton

STATE ROUTE, CO. OR TWP. ROAD, STREET ADDRESS
1333 Wm H Taft. Rd.

TP ☐ IS ☐ US ☐ SR ☐ CR ☐ TR ☐ CS ☒ PR ☐ OT ☐

AT JUNCTION OR INTERSECTION WITH
Bell Pl.

| UNIT #1 | DRIVER—LAST Rohens | FIRST Jane | MIDDLE A | UNIT #2 | DRIVER—LAST PED. Scott | FIRST James | MIDDLE H |

W

40'

1333 Wm H Taft

5

36

N→

Bell Pl. 30'

1

Metro Bus

BUS STOP

1

ONE WAY STREET

10'

1

OFFICER'S SIGNATURE
P.O. Tom Mehrs

ID NUMBER
569

OH-2 (REV. 5/73)

524  not ejected Trapped