Christina **HEGER** and Martin L. **Heger**, Plaintiffs–Appellants,

v.

The **TRUSTEES OF INDIANA UNIVERSITY**, Defendant–Appellee.

No. 28A01–8801–CV–13.

Court of Appeals of Indiana, First District.

Aug. 11, 1988.

Kirk R. Kitzinger, Townsend, Yosha & Cline, Indianapolis, for plaintiffs-appellants.

David L. Ferguson, William K. Deer, Teri A. Riess, Ferguson Ferguson & Lloyd, Bloomington, for defendant-appellee.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Christina Heger and Martin L. Heger appeal from the granting of summary judgment in favor of the Trustees of Indiana University (University) in their action seeking damages for Christina's injuries received when she was struck by an automobile after alighting from the University's bus. We affirm.

## FACTS

On September 24, 1985, Christina was a freshman student at Indiana University in Bloomington. On that date, she boarded the University's bus which was stopped at a bus stop on Rose Avenue across from her dormitory. After boarding, she inquired of the bus driver as to how long the bus would remain at the bus stop because she wanted to return to her room to retrieve something she had left behind. She then exited the rear door of the bus in obedience to a sign in the bus directing passengers to "exit at rear door, don't cross in front of the bus."[1] After alighting from the bus, Christina stepped across the curb onto the grass and walked to the rear of the bus. She then walked into the street along the rear of the bus on her way across the street to her dormitory, and as she stepped from behind the bus into the street she was struck by an automobile driven by one Irving Kagan and received the injuries of which she complains.

Christina and Martin L. Heger, her father, sued Kagan and University claiming Kagan was negligent in the operation of his vehicle and that University was negligent in not providing her a safe place to alight from the bus. Summary judgment was granted in favor of University.

## ISSUE

The sole issue dispositive of this appeal is whether University was negligent in failing to fulfill its duty to provide Christina Heger with a safe place to alight from the bus which proximately caused her injuries.[2]

## DISCUSSION AND DECISION

 Under Indiana law, a common carrier is bound to exercise reasonable and ordinary care, under all the circumstances, for the safety of its passengers. *Swallow Coach Lines v. Cosgrove* (1938), 214 Ind. 532, 15 N.E.2d 92; *Terre Haute, Indianapolis and Eastern Traction Co. v. Scott* (1926), 197 Ind. 587, 150 N.E. 777; *Hudnut v. Indiana Deluxe Cab Co.* (1932), 98 Ind. App. 44, 182 N.E. 711, *trans. denied*. See also, *Ember v. B.F.D., Inc.* (1986), Ind. App., 490 N.E.2d 764 (not a common carrier case but stating that among familiar rela-

1. University filed affidavits that no such sign was located in the bus in question. Christina contends such a sign indeed was present. For purposes of summary judgment, we will assume Christina's version is correct and that such a sign was in place. However, the presence of such a sign is of no consequence in our decision.

2. Hegers also contend University should have foreseen Christina's conduct after leaving the bus, which issue is subsumed in the issue of whether she was provided a safe place to alight from the bus.

Also, Hegers claim there is a genuine issue of whether Christina was guilty of contributory negligence. Because University is a governmental entity, Indiana Code section 34-4-16.5-2(f)(7), the Indiana Comparative Fault law is not applicable. Indiana Code section 34-4-33-8. However, because we have determined University did not breach its duty of exercising reasonable care to provide a safe place to alight, we need not address the contributory negligence issue.

tionships imposing a duty of reasonable care are those of common carriers to passengers).[3] This duty includes the duty of exercising reasonable care in furnishing passengers with a reasonably safe place for them to alight. 4 I.L.E. *Carriers* § 55 (1958); 14 Am.Jur.2d *Carriers* § 984. On the other hand, a carrier generally is not liable for injuries received by a passenger who is struck by another vehicle after safely alighting from the carrier. *Terre Haute, Indianapolis and Eastern Traction Co. v. Evans* (1928), 87 Ind.App. 324, 161 N.E. 671; *Cooke v. Elk Coach Line* (1935), 37 Del. 120, 180 A. 782; *Sanford v. Bi–State Dev. Agency* (1986), Mo.App., 705 S.W.2d 572; *Johnson v. Cravens* (1984), 16 Ohio App.3d 378, 476 N.E.2d 1073. Examination of these cases compels our affirmance of the summary judgment in favor of University.

■ In *Evans,* the passenger alighted from the traction car and was struck and killed by a speeding automobile traveling on the wrong side of the street. The appellate court reversed a judgment for the passenger holding the trial court erred in overruling the carrier's demurrer. The court stated:

> "It appears from the complaint that the street car was stopped by the motorman at the request of [the passenger] at a place where it was customary to discharge passengers. There was no averment in the complaint, and there was no contention at trial, that there was any defect in the street pavement at that point....

> "The general rule, supported by the great weight of authority, is that a street railway company owes no duty to warn or protect passengers, while leaving the car, from obvious dangers arising from automobiles which are being operated on the street."

*Evans,* 87 Ind.App. at 327, 329, 161 N.E. at 672. The court noted that the passenger was able-bodied and in full possession of his faculties.[4]

In *Cooke,* the plaintiff was discharged from the bus onto a sidewalk across the street from the bus station. As plaintiff crossed the street, she was struck by a passing car. The court sustained the bus company's demurrer stating:

> "It is the duty of the operator of a motor bus to exercise reasonable care to see that the place selected for the discharge of passengers is safe for that purpose. (citation omitted) ... [H]ere, it does not appear otherwise than that plaintiff was afforded a safe place upon which to alight and did alight safely on the sidewalk of the street. From that moment the [bus company] had no control over her movements or over provisions for her safety. The relationship of carrier and passenger ceased, and the plaintiff assumed the status of a pedestrian. (citations omitted)."

*Cooke,* 37 Del. at 125, 180 A. at 783–84.

In *Sanford,* because an illegally parked car blocked the bus zone, the bus stopped at an angle about one foot into the right hand lane of the street. The plaintiff alighted, walked along the front of the bus, started to cross the street, and was hit by an automobile. Judgment for the plaintiff was reversed. The Missouri court, applying the highest degree of care standard, said the carrier had a duty to protect its passengers from known and reasonably foreseeable dangers which continued at

---

**3.** Earlier cases indicated that a carrier was required to exercise the highest degree of care towards passengers. *Indiana Union Traction Co. v. Keiter* (1910), 175 Ind. 268, 92 N.E. 982; 4 I.L.E. *Carriers* § 51 (1958). However, the modern rule in this state is that a carrier is only obligated to exercise ordinary or reasonable care under all the circumstances. 4 I.L.E. *Carriers* § 51 (1958). The highest degree of care standard finds support in cases from other jurisdictions. *See e.g., Sanford v. Bi–State Development Agency* (1986), Mo.App., 705 S.W.2d 572; *Johnson v. Cravens* (1984), 16 Ohio App.3d 378, 476 N.E.2d 1073; 14 Am.Jur.2d *Carriers* §§ 916, 918 (1964).

**4.** A common carrier, if it is upon notice that a particular passenger is disabled or infirm, must exercise a greater degree of attention and care for such passenger than in the case of passengers in good health and under no disability. 14 Am.Jur.2d *Carriers* § 956 (1964). There is no contention in this case that Christina Heger was disabled or infirm.

least until the passenger had been discharged at a reasonably safe place. The court then continued: "As a general rule, however, once a passenger alights at a safe location, the carrier is no longer liable for the injuries sustained by the former passenger in crossing the street." 705 S.W.2d at 575. The court held as a matter of law that the bus company was not liable because once plaintiff safely alighted from the bus and was upon the street, the bus company no longer was responsible for her safety.

The case which most closely parallels this case is *Johnson v. Cravens.* There, the plaintiff boarded the bus and then asked the driver to wait while he retrieved something he had dropped. Plaintiff then got off the bus and ran in front of the bus into an intersection where he was hit by a car. Summary judgment for the bus company was affirmed. The Ohio Court of Appeals declared that among the duties owed by a common carrier to its passengers is that they be afforded a reasonably safe place to alight. The court continued:

"[H]owever, that principle is not here involved. The plaintiff was indisputably afforded a safe place to enter and exit the bus. The hazard he encountered was after he left the safety of the bus, and its immediate environs, dashed in front of the bus and out into the intersection where he was struck by Cravens' automobile. At that point, there is authority which holds that the carrier-passenger relationship had ceased, *eo instanti,* upon alighting safely. (citation omitted). In any event, the duty of the carrier 'extends to conditions within its control, and does not extend to vehicles operating in the streets over which it has no control.'"

*Johnson,* 476 N.E.2d 1075–76.

█ This case presents precisely the same situation as that which confronted the Ohio court in *Johnson.* Christina alighted from the bus safely, proceeded to a position of safety on the grass, then walked alongside the right side of the bus, stepped into the street at the back of the bus, and then stepped from behind the bus into the traveled portion of the street being used by Kagan where she was struck by Kagan's car. At the time of her injury, no relationship of carrier and passenger existed between University and Christina, and University owed her no duty. Christina's injuries were caused by an agency and in a place over which University had no control. As in *Johnson,* the duty to provide a reasonably safe place to alight from the bus was not involved. There was nothing unsafe about the bus stop where Christina exited the bus, and, in fact, she alighted safely from the bus. Her unfortunate injuries were not the result of any breach of duty on the part of University.

Counsel for Hegers attempt to create genuine issues of fact where none exist. The undisputed facts show that Christina alighted from the bus safely and proceeded to a position of safety on the grass at the bus stop. At this point, the carrier had discharged its duty to her. The carrier was not bound to foresee that she would step into the street in front of an oncoming car and be hit by it, and was under no duty to warn her of the obvious hazard presented by other vehicular traffic on Rose Avenue.

Summary judgment is appropriate where there are no genuine issues of fact and the movant is entitled to judgment as a matter of law. *Criss v. Bitzegaio* (1981), Ind., 420 N.E.2d 1221; *Nahmias v. Trustees of Indiana University* (1983), Ind.App., 444 N.E.2d 1204, *trans. denied.* The trial court properly granted summary judgment in favor of University.

Judgment affirmed.

ROBERTSON and MILLER, JJ., concur.