**UNION FEDERAL SAVINGS BANK, National City Bank of Evansville, Old National Bank in Evansville, and the Citizens National Bank of Evansville, Plaintiffs–Appellants,**

v.

**CHANTILLY FARMS, INC., Defendant–Appellee.**

No. 82A01–9002–CV–70.

Court of Appeals of Indiana, First District.

June 26, 1990.

Terry G. Farmer, Douglas W. Patterson, Bamberger, Foreman, Oswald and Hahn, Robert F. Stayman, Early, Arnold and Zeimer, Brian P. Williams, Kahn, Dees, Donovan & Kahn, Evansville, for plaintiffs-appellants.

Thomas A. Massey, Bowers, Harrison, Kent & Miller, Evansville, for defendant-appellee.

BAKER, Judge.

## STATEMENT OF THE CASE

Plaintiffs-appellants, Union Federal Savings Bank, National City Bank of Evansville, Old National Bank in Evansville, and The Citizens National Bank of Evansville (hereinafter collectively referred to as "the Banks"), appeal the trial court's dismissal of their complaint for declaratory judgment.

We affirm.

## STATEMENT OF THE FACTS

The facts underlying this appeal are stated in the Banks' brief as follows:

> Chantilly [defendant-appellee Chantilly Farms, Inc.] is an Indiana Corporation who, during the times relevant to this lawsuit, employed Charles Darrell McCulley ("McCulley") as General Manager and as Sales Agent to solicit and maintain customer orders. By reason of his capacity as General Manager and sales agent, McCulley was afforded access by Chantilly to checks payable to Chantilly representing the proceeds of sales to customers in the ordinary course of Chantilly's business.
>
> On various occasions, McCulley entered into depository customer relationships with each of the banks by opening demand deposit accounts in the names, *inter alia,* of Chantilly Farms Distributing, Chantilly Farms Distributing Company, or Chantilly Farms Distributing Company, Inc. McCulley represented to representatives of the Banks that, as sole proprietor or sole shareholder of such business, he had exclusive control over the accounts.
>
> In correspondence to the Banks, Chantilly, through its counsel, alleged that during a period from June, 1984 through October, 1988, McCulley deposited checks belonging to Chantilly in the accounts maintained with the Banks. On the occasion of each such deposit, McCulley endorsed the name of "Chantilly Farms", either by rubber stamp or in longhand.

*Appellant's Brief* at 4–5.

Based on these facts, the Banks filed a complaint for declaratory judgment on May 16, 1989, in which they requested the trial court to "consider and determine to what extent, if any, Plaintiffs are liable to Defendant by reason of the facts and circumstances as set out above." [1] *Record* at 5. The next day, May 17, 1989, Chantilly filed four complaints, one against each of the Banks, in which Chantilly alleged conversion against each of the Banks. On May 19, 1989, Chantilly filed a motion to dismiss the Bank's complaint for declaratory judgment. On May 24, 1989, the Banks filed a motion to dismiss Chantilly's four complaints, or, in the alternative, that the four actions be consolidated into their declaratory judgment action.

After entertaining the parties' oral argument, the trial court, sitting partially *en banc*, granted Chantilly's motion to dismiss the Banks' declaratory judgment action and also granted the Banks' motion for

---

1. The Banks also asked the trial court to prohibit Chantilly from "initiating or maintaining any other action or proceeding against Plaintiffs." *Record* at 5. Apparently, this request was based on the assumption that the trial court would make a favorable ruling on the liability question. Because we find that the determination of liability is not a proper subject for declaratory judgment actions, we need not reach this claim.

consolidation of Chantilly's four complaints.[2] The Banks appeal the dismissal of their complaint for declaratory judgment.

## ISSUE

Disposition of this appeal requires consideration of the following issue:

Whether the Banks are entitled to declaratory relief.

## DISCUSSION AND DECISION

When reviewing a motion to dismiss in an action for declaratory judgment, this court accepts as true the facts alleged in the complaint. *Volkswagenwerk, A.G. v. Watson* (1979), 181 Ind.App. 155, 390 N.E.2d 1082. The dismissal of a complaint is proper only when it appears that the claimant would not be entitled to recover under any set of facts represented by the pleadings. *Detterline v. Bonaventura* (1984), Ind.App., 465 N.E.2d 215.

The statute governing the issue in this case is found in section 2 of the Uniform Declaratory Judgments Act[3] and it provides:

Any person ... whose rights, status or other legal relations are affected by a statute, ... may have determined any question of construction or validity arising under the ... statute, ... and obtain a declaration of rights, status or other legal relations thereunder.

IND.CODE 34-4-10-2. The Banks argue that they are entitled to declaratory relief under the statute because their rights under the Uniform Commercial Code and the Uniform Fiduciaries Act are affected by the facts and circumstances of this case. We disagree.

IND.CODE 34-4-10-2 clearly states the grounds upon which a party may seek declaratory relief. In seeking a determination of the construction or validity of a statute, a party may obtain a declaration of its rights, status or other legal relations. Nowhere in the statute or in any of the case law cited by the Banks has the phrase "rights, status or other legal relations" been interpreted to include a determination of a party's liability.

In their complaint, the Banks requested the trial court to determine their "liability, if any," under the applicable statutes. They did not request the court to construe a statute or determine a statute's validity. The determination of liability is not a proper ground upon which to seek declaratory relief. Accordingly, the Banks presented no set of facts under which they would be entitled to declaratory relief thereby making the dismissal of their complaint proper.

To afford IND.CODE 34-4-10-2 the interpretation espoused by the Banks would pervert the purpose of the Declaratory Judgments Act. The statute is remedial in nature and is intended to provide a remedy where none existed before. "The existence of another adequate remedy, however, does not preclude a judgment for declaratory relief in cases where it is *appropriate*." Ind.Trial Rule 57; *Volkswagenwerk, supra* 390 N.E.2d at 1085 (emphasis added). The present case does not present facts which make declaratory relief appropriate because all the Banks seek is a determination of their liability. The Banks can defend the claims against them in Chantilly's conversion action in which liability will be determined.

The Banks contend that they should be allowed to maintain their declaratory judgment action because they are entitled to remain plaintiffs in this controversy and Chantilly should be made to file a counterclaim. We find this assertion without merit. The Declaratory Judgments Act was not intended to reward the winner of a race to the courthouse. Rather, declaratory judgment actions should be allowed only if they "result in a just and more expeditious and economical determination of the entire controversy." *Volkswagenwerk, supra,* 390 N.E.2d at 1085. The most expeditious way to resolve this controversy is to allow Chantilly to pursue its conversion claim which will allow the trial court to deter-

---

2. The consolidated actions are still pending in the trial court and are not part of this appeal.

3. IND.CODE 34-4-10-1 to -16.

mine whether the Banks incurred any liability.

Judgment affirmed.

ROBERTSON, J., and HOFFMAN, P.J., concur.