**Troy G. RODDEL, Appellant (Plaintiff),**

v.

**TOWN OF FLORA, et al., Appellees (Defendants).**

No. 12A02–8907–CV–337.

Court of Appeals of Indiana, Second District.

Oct. 21, 1991.

Caroline B. Briggs, Florence Anne Briggs, Flora, for appellant.

G. Ronald Heath, Johnson Smith Densborn Wright & Heath, Linley E. Pearson, Atty. Gen., Arthur M. Small, Deputy Atty. Gen., William C. Moore, Steckbeck & Moore, Indianapolis, for appellees.

BUCHANAN, Judge.

## CASE SUMMARY

Plaintiff-appellant Troy Roddel (Roddel) appeals from the dismissal of his complaint against the defendants-appellees Town of Flora, Indiana (Town), *et al.*, claiming that his complaint stated grounds upon which relief could be granted.

We affirm.

## FACTS

The facts most favorable to the trial court's judgment reveal that on August 10, 1984, shortly before midnight Roddel, a local resident, was driving in Flora Park, a park in the Town of Flora. As Roddel left the park, he was pursued by a deputy town marshal. Roddel refused to stop and a high speed chase ensued. Speeds during the chase reached 95 miles per hour. The deputy marshal was assisted by several Carroll County deputy sheriffs, who formed a roadblock in Roddel's path. To avoid colliding with the roadblock, Roddel left the road and attempted to stop his vehicle. His vehicle collided with a tree, and his left leg was severed in the accident. After the accident, one of the officers handcuffed Roddel to the steering wheel of his vehicle.

On August 8, 1986, Roddel filed suit in the trial court. Roddel sought relief under various theories, including a claim under 42 U.S.C. § 1983 [1] for violation of his constitutional rights, a personal injury claim for damages on the theory of general tort liability, and a contention that several Indiana statutes were unconstitutional. Roddel in-

---

**1.** 42 U.S.C. § 1983 provides remedies for deprivations of constitutional rights. *City of Oklahoma City v. Tuttle* (1985), 471 U.S. 808, 105 S.Ct. 2427, 85 L.Ed.2d 791.

cluded as parties the Town, the Town Board, the Town Marshal and deputy marshal, Carroll County (the County), the County Commissioners, the Sheriff, the various deputy sheriffs involved in the roadblock, the sureties of the Town Marshal and the Sheriff (hereinafter collectively referred to as the defendants), and the State of Indiana.

On January 20, 1988, the trial court granted the State's motion for judgment on the pleadings and declared the challenged Indiana statutes constitutional. The trial court also granted the sureties' motions to dismiss as to them, and the trial court dismissed the remainder of the complaint for failing to comply with Ind.Rules of Procedure, Trial Rules 8(A) and (E). Roddel filed an amended complaint on February 1, 1988, which the trial court dismissed on September 30, 1988 for failing to state a claim for relief under Trial Rule 12(B)(6). Roddel filed a second amended complaint on November 7, 1988, which was dismissed by the trial court on February 9, 1989. On March 10, 1989, the trial court entered judgment in favor of the Town, the County, the Town Marshal, the Sheriff, and the deputy sheriffs and marshal.

### ISSUES

1. Whether the trial court properly dismissed Roddel's § 1983 action?
2. Whether the trial court properly dismissed Roddel's personal injury claim?
3. Whether the trial court properly concluded certain Indiana statutes were constitutional? [2]

### DECISION

ISSUE ONE—Did the trial court properly dismiss Roddel's § 1983 action?

PARTIES' CONTENTIONS—Roddel argues that his complaints sufficiently articulated a cause of action under 42 U.S.C.

§ 1983, and that the trial court should not have dismissed it. The defendants respond that the facts alleged in Roddel's complaint are insufficient to support his cause of action.

CONCLUSION—The trial court properly dismissed Roddel's § 1983 complaint.

It is not often in the life of an appellate judge, having no Indiana case on point, that a beacon light appears in the form of a recent United States Supreme Court case. Such a case is *Brower v. County of Inyo* (1989), 489 U.S. 593, 109 S.Ct. 1378, 103 L.Ed.2d 628, in which a similar claim was sought in a similar procedural context. Roddel's complaint alleged that the deputy marshal and sheriffs unreasonably seized him by using a roadblock to impede his flight. Roddel also alleged that the Town and County were liable for failing to adequately train their employees to prevent a deprivation of his constitutional rights.[3]

But in *Brower*, the United States Supreme Court had before it a § 1983 claim that alleged the defendants had used brutal, excessive, unreasonable and unnecessary physical force in establishing a roadblock, and had therefore effected an unreasonable seizure of Brower, in violation of the Fourth Amendment to the United States Constitution. The plaintiff, the heirs of Brower, alleged that the defendants had placed an 18-wheel tractor-trailer across both lanes of a two-lane highway in Brower's path; that the defendants had concealed the roadblock by placing it, unilluminated, behind a curve; that they had positioned a police car, with its headlights on, in such a manner as to blind Brower when he approached the roadblock; and that Brower had died when he struck the roadblock. The trial court dismissed the complaint for failing to state a claim for relief.

---

2. Roddel also claimed the trial court's dismissal for failing to comply with T.R. 8(A) and (E) was error. However, as we conclude that none of Roddel's complaints stated grounds upon which relief could be granted, any error in that regard would have been harmless.

3. The dismissal of Roddel's claim for failing to state a claim upon which relief could be granted under T.R. 12(B)(6), is proper only if Roddel would not be entitled to relief under any set of facts represented by the pleadings. *Union Federal Sav. Bank v. Chantilly Farms, Inc.* (1990), Ind.App., 556 N.E.2d 9.

The Court accepted the plaintiff's characterization of the use of a roadblock as a "seizure," and analyzed the plaintiff's claim that it was "unreasonable." Justice Scalia, writing the Court's majority opinion, concluded:

"This is not to say that the precise character of the roadblock is irrelevant to further issues in this case. 'Seizure' alone is not enough for § 1983 liability; the seizure must also be 'unreasonable.' Petitioners can claim the right to recover for Brower's death *only* because the unreasonableness they allege consists precisely of setting up the roadblock in such a manner as to be likely to kill him. *This should be contrasted with the situation that would obtain if the sole claim of unreasonableness were that there was no probable cause for the stop.* In that case, if Brower had had the opportunity to stop voluntarily at the roadblock, *but had negligently or intentionally driven into it,* then, *because of lack of proximate causality,* respondents, though responsible for depriving him of his freedom of movement, *would not be liable for his death.* See *Martinez v. California*, 444 U.S. 277, 285, 100 S.Ct. 553, 559, 62 L.Ed.2d 481 (1980); *Cameron v. Pontiac*, 813 F.2d 782, 786 (CA6 1987). Thus, the circumstances of this roadblock, including the allegation that headlights were used to blind the oncoming driver, may yet determine the outcome of this case."

*Brower, supra,* 489 U.S. at 599, 109 S.Ct. at 1382–83 (emphasis supplied). The Court went on to reverse the trial court's dismissal and concluded that the plaintiffs had stated a claim under § 1983.

■ We are of the opinion that the Supreme Court's decision in *Brower* mandates the dismissal of Roddel's § 1983 claim. Unlike the plaintiff in *Brower*, Roddel did not allege that the roadblock was unreasonable because it was designed to kill him or cause him serious bodily injury. Rather, Roddel alleged the roadblock was unreasonable because the chase was unnecessary and unjustified. This allegation falls squarely within the type of allegation that Justice Scalia said would *not* state an actionable claim under § 1983. *See also Cameron v. Pontiac* (6th Cir., 1987) 813 F.2d 782. (State not liable for death of fleeing defendant when defendant ran onto highway and was killed by a truck; alleged unreasonable seizure was not proximate cause of defendant's death).

Roddel's position is not persuasive. He claims that *any* roadblock used to stop him would constitute an unreasonable seizure because there was no reason for the stop. But the Supreme Court's opinion clearly contemplates that only roadblocks designed to cause death or serious bodily injury are sufficiently "unreasonable" to invoke § 1983 liability. Thus Roddel's sole claim of "unreasonableness" generating § 1983 liability was explicitly rejected by the Supreme Court in *Brower*. There exists no set of facts or circumstances under the theory of liability advanced by Roddel which would entitle him to relief.

Because the facts alleged in Roddel's complaint were insufficient, as a matter of law, to impose liability under § 1983, we must conclude the trial court properly dismissed Roddel's complaint as to this claim. Similarly, as Roddel did not sufficiently allege a deprivation of his constitutional rights, his claim against the Town and the County for failing to train the deputy marshal and sheriffs was also properly dismissed. *See City of Oklahoma City v. Tuttle* (1985), 471 U.S. 808, 817 n. 4, 105 S.Ct. 2427, 2432–33 n. 4, 85 L.Ed.2d 791. (Federal right must be violated to establish liability under § 1983).

ISSUE TWO—Did the trial court properly dismiss Roddel's state tort claim?

PARTIES' CONTENTIONS—Roddel asserts that his complaint, which alleged the defendants had breached a duty to him, resulting in his injuries, sufficiently alleged a claim for damages under state tort law. The defendants reply that they are immune from liability.

CONCLUSION—The trial court correctly dismissed Roddel's personal injury claim.

There is a statute controlling conduct by government entities and employees. Ind.

Code 34–4–16.5–3 (1988) provides, in pertinent part:

"A governmental entity or an employee acting within the scope of his employment is not liable if a loss results from:

. . . . .

(7) the adoption and enforcement of or failure to adopt or enforce a law (including rules and regulations), unless the act of enforcement constitutes false arrest or false imprisonment; . . . ."

The defendants see this provision as a shield from liability for Roddel's injuries. Roddel says his complaint alleged he was subject to false arrest or imprisonment, and therefore there is a question of fact as to whether the defendants were immune under this statute. A review of Roddel's complaint, however, establishes that the facts alleged in his complaint conclusively demonstrate he was not subject to false arrest or imprisonment.

■ As a general rule, to succeed upon a claim of false arrest, a plaintiff must establish the absence of probable cause for the arrest. *See Garrett v. City of Bloomington* (1985), Ind.App., 478 N.E.2d 89, *trans. denied.* False imprisonment consists of an unlawful restraint on one's freedom of movement against his will. *Delk v. Bd. of Com'rs* (1987), Ind. App., 503 N.E.2d 436.

■ The facts alleged in Roddel's complaint affirmatively establish that he violated Ind.Code 35–44–3–3 (1988), which provides, in pertinent part:

"(a) A person who knowingly or intentionally:

. . . . .

(3) flees from a law enforcement officer after the officer has, by visible or audible means, identified himself and ordered the person to stop;

commits resisting law enforcement, a Class A misdemeanor, except as provided in subsection (b).

(b) The offense under subsection (a) is a:

(1) Class D felony if, while committing it, the person . . . operates a vehicle in a manner that creates a substantial risk of bodily injury to another person; . . . ."

Roddel's admitted flight from the deputy marshal constituted a violation of this law, and his driving in excess of 95 miles per hour aggravates his offense to a class D felony. *See Adams v. State* (1989), Ind. App., 542 N.E.2d 1362; *Pettit v. State* (1982), Ind.App., 439 N.E.2d 1175; *Yeley v. State* (1972), 153 Ind.App. 133, 286 N.E.2d 183. This is true even if the reasons for the deputy marshal's initial attempt to stop Roddel were unlawful, as Roddel claims. *Fields v. State* (1978), 178 Ind.App. 350, 382 N.E.2d 972, *trans. denied.*

Because the facts Roddel alleged in his complaints conclusively established he was guilty of resisting arrest, there was probable cause for his arrest and his imprisonment was lawful. So Roddel was not subject to false arrest or imprisonment, as a matter of law. The facts alleged in Roddel's complaint do not create any issue as to whether the defendants were immune in accordance with IC 34–4–16.5–3. Because Roddel was not falsely arrested or imprisoned as a matter of law, the defendants were immune from liability and Roddel's complaint was properly dismissed.

■ Even if we did not conclude that the defendants were immune, we would still conclude that dismissal was proper. The Town and the County are governmental entities under IC 34–4–16.5–2(f), therefore Indiana's comparative fault law is inapplicable. IC 34–4–33–8. *See Heger v. Trustees of Ind. Univ.* (1988), Ind.App., 526 N.E.2d 1041, *trans. denied.* If Roddel was contributorily negligent, his claim for damages is barred. *Witham v. Norfolk & Western Ry. Co.* (1990), 561 N.E.2d 484; *Huey v. Milligan* (1961), 242 Ind. 93, 175 N.E.2d 698.

■ The violation of a penal statute constitutes negligence per se. *Hayes Freight Lines v. Wilson* (1948), 226 Ind. 1, 77 N.E.2d 580. *See also Gasich v. Chesapeake & Ohio R.R. Co.* (1983), Ind.App., 453 N.E.2d 371. Roddel was negligent per se for failing to stop for the deputy town marshal in violation of IC 35–44–3–3. In accordance with Justice Scalia's analysis in

*Brower, supra,* that negligence was the proximate cause of Roddel's injuries. *See also Cameron, supra.* Therefore Roddel was contributorily negligent as a matter of law, and his claim is barred. *See Gasich, supra.*

Because the defendants were immune from liability under IC 34–4–16.5–3, and Roddel's state law tort claims were barred due to his contributory negligence, the trial court properly dismissed his claims.[4]

ISSUE THREE—Did the trial court err when it declared Ind.Code 9–4–1–25 (1988)[5] and Ind.Code 36–8–3–6 (1988)[6] constitutional?

PARTIES' CONTENTIONS—Roddel complains that the trial court erroneously concluded the statutes were constitutional because these two statutes do not limit police officers from using deadly or excessive force to effect the arrest of a defendant. The State counters that because Ind.Code 35–41–3–3 (1988) regulates the use of deadly force by police officers, the statutes are not unconstitutional.

CONCLUSION—The statutes are constitutional.

The essence of IC 9–4–1–25 is that the driver of an emergency vehicle may ignore certain traffic regulations during the pursuit of a suspected violator of the law. It does not relieve the driver from the duty to drive with due regard for the safety of others or the consequences of his reckless disregard for the safety of other people.

IC 36–8–3–6 provides police officers of municipalities with the power to arrest all persons who violate statutes within their view and take them into custody.

Roddel's sole argument concerning the unconstitutionality of these two statutes is based on the United States Supreme Court's requirement that the use of deadly force to prevent the escape of a suspected felon is limited to when it is necessary to prevent the escape and the officer has probable cause to believe that the suspect poses a significant threat of death or serious bodily injury to the officer or others. *See Tennessee v. Garner* (1985), 471 U.S. 1, 105 S.Ct. 1694, 85 L.Ed.2d 1.

The State aptly refers to another statute, IC 35–41–3–3,[7] which addresses the necessi-

---

4. Because the trial court's dismissal of Roddel's claims against the principals was proper, the dismissal of his claims against the Town Marshal's and Sheriff's sureties was also proper.

5. IC 9–4–1–25 provides, in pertinent part:

   "(c) The driver of any authorized emergency vehicle when responding to an emergency call or when in pursuit of an actual or suspected violator of the law or when responding, but not upon returning from a fire alarm, may exercise the privileges set forth in this chapter, but subject to the conditions herein stated.
   (d) The driver of an authorized emergency vehicle may:
   1. Park or stand, irrespective of the provisions of this chapter;
   2. Proceed past a red or stop signal or stop sign, but only after slowing down as may be necessary for safe operation;
   3. Exceed the maximum speed limits so long as he does not endanger life or property;
   4. Disregard regulations governing direction of movement or turning in specified directions.

   (f) The foregoing provisions shall not relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons, nor shall such provisions protect the driver from the consequences of his reckless disregard for the safety of others."

6. IC 36–8–3–6 provides, in pertinent part:

   "(c) The police officers of a municipality shall:

   .     .     .     .     .

   (2) arrest, without process, all persons who within view violate statutes, take them before the court having jurisdiction of the offense, and retain them in custody until the cause of the arrest has been investigated;

   .     .     .     .     .

   (4) suppress all breaches of the peace within their knowledge and may call to their aid the power of the municipality and pursue and commit to jail persons guilty of crimes...."

7. IC 35–41–3–3 provides, in pertinent part:

   "(b) A law enforcement officer is justified in using reasonable force if he reasonably believes that the force is necessary to effect a lawful arrest. However, an officer is justified in using deadly force only if he reasonably believes that that force is necessary:
   (1) to prevent serious bodily injury to himself or a third person or the commission of a forcible felony; or
   (2) to effect an arrest of a person who has committed or attempted to commit a felony."

ty of a reasonable belief that force is necessary. It prohibits the use of deadly force by a law enforcement officer unless the officer reasonably believes that force is necessary to prevent serious bodily injury to himself or a third person, to prevent the commission of a forcible felony, or to effect the arrest of a person who has committed or attempted to commit a felony.

This statute (IC 35–41–3–3) was specifically approved by the United States Supreme Court. *Garner, supra* at 16–17 n. 14, 105 S.Ct. at 1703–04 n. 14. Because *IC 35–41–3–3 applies to all law enforcement officers,* including those involved in a pursuit of a suspect under IC 9–4–1–25 and municipal police officers arresting a suspect under IC 36–8–3–6, those statutes are not unconstitutional for failing to expressly incorporate the requirement of the need for a reasonable belief that force is necessary into their provisions.

Roddel makes no persuasive argument in support of his claim that the two statutes (IC 9–4–1–25 & IC 36–8–3–6) are unconstitutional, and we fail to see any reason why we should so rule. We must conclude that both statutes are constitutional and that they can be construed in pari materia with IC 35–41–3–3.

As Roddel has failed to convince us that any of the allegations contained in any of his complaints state a cause of action upon which relief could be granted, the trial court properly dismissed Roddel's complaints.

Judgment affirmed.

STATON, J., concurs.

SULLIVAN, J., dissents in part and concurs in part with opinion.

SULLIVAN, Judge, dissenting in part and concurring in part.

The trial court erroneously dismissed Roddel's complaint insofar as it alleged a violation of 42 U.S.C. § 1983. The dismissal was necessarily premised upon the supposition that no facts could have been adduced by Roddel which would entitle him to recovery.

I believe the majority mischaracterizes the contention of appellant. In order to succeed, it is and was not necessary for Roddel to establish that any and all roadblocks are unreasonable. He is only claiming that *this* chase and *this* roadblock were unreasonable and that, under the circumstances, they constituted such excessive force as to give rise to a cognizable claim.

Insofar as the record reflects, Roddel was operating his vehicle upon a street within Floral Park. There is no indication that at that point his conduct was felonious or even unlawful. The only reason which appears to explain the institution of the chase and creation of the roadblock, were the comments of Deputy Marshall Knight that: "Troy drove through the Park" and "Troy was just asking for it." Record at 41, 360 and 444.

Under the complaint and the amended complaints filed, Roddel was entitled to submit evidence that the chase and roadblock were so excessive under the circumstances as to constitute an unreasonable seizure. He was certainly entitled to seek to convince a trier of fact that handcuffing him to the vehicle after his leg had been severed in the crash constituted a tortious violation of his rights.

Similarly, Roddel should have been permitted to submit evidence that the use of excessive force in the chase, roadblock, and handcuffing incident were a proximate cause of injury to him. In this light, facts susceptible of proof might well fall within the constraints of the decision in *Brower v. County of Inyo* (1989) 489 U.S. 593, 109 S.Ct. 1378, 103 L.Ed.2d 628. In that case, the majority clearly held that the character and reasonableness of a roadblock is relevant to an inquiry such as that presented here.

The facts which might be developed so as to give rise to a recovery under § 1983 may also suffice to establish a claim under the Indiana Tort Claims Act. A caveat exists in this regard, however. If a chase ensued even without unlawful activity on the part of Roddel, a continuation of the chase and establishment of the roadblock may have been warranted. If the pursuing officers

unmistakably demonstrated their presence and purpose to effect a stop, Roddel may have been engaged in fleeing a law enforcement officer, a class D felony. If at this stage of the events, the defendants were engaged in the enforcement of a law, they would be immune from liability under I.C. 34–4–16.5–3.

I concur in affirmance of the dismissals to the extent that the complaints allege liability upon the part of the municipality and the county for failure to properly train law enforcement personnel.

I fully concur in the majority's affirmance of the trial court's decision upholding the constitutionality of I.C. 9–4–1–25 and I.C. 35–8–3–6.

I would reverse and remand for reinstatement of Roddel's complaint and for further proceedings in the matter.