Richard L. COLE, Appellant–Plaintiff,

v.

INDIANA DEPARTMENT OF CORRECTION and State of Indiana, Appellees–Defendants.

No. 67A01–9301–CV–1.

Court of Appeals of Indiana, First District.

June 28, 1993.

Rehearing Denied Sept. 3, 1993.

John Emry, Franklin, for appellant-plaintiff.

Pamela Carter, Atty. Gen., Seth Lahn, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellees-defendants.

BAKER, Judge.

Plaintiff-appellant Richard L. Cole appeals the entry of summary judgment against him and in favor of defendant-appellees the State of Indiana and its Department of Correction (together, the DOC). The trial court determined that because the injury which Cole suffered was not reasonably foreseeable, the DOC was entitled to judgment as a matter of law. We reverse.

### FACTS

The material facts underlying this action are essentially undisputed. On July 11, 1991, Cole, an inmate at the Indiana Youth Center, was handcuffed and taken from the detention unit to the witness room to await a disciplinary hearing against him. It is the Youth Center's policy to handcuff those individuals who are coming from the detention unit and to accompany them to their destinations. Shortly after his arrival at the witness room area and while his guard was momentarily distracted, Cole was beaten by Troy Chandler, an acquaintance and fellow inmate. Chandler was not handcuffed because he did not come from the detention unit. Cole suffered extensive injuries. Cole had never expressed a fear to anyone that Chandler might attack him. No fight had occurred in the witness room in the previous five years.

### Standard of Review

Summary judgment is proper when the designated pleadings, depositions, answers to interrogatories, admissions, and affidavits show no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law. *Gunter v. Village Pub* (1993), Ind.App., 606 N.E.2d 1310, 1312; Ind. Trial Rule 56(C). The party moving for summary judgment bears the burden of proving the propriety of the motion. *Campbell v. Criterion Group* (1993), Ind.App. 613 N.E.2d 423. Once the movant fulfills this requirement, the burden shifts to the opposing party to set forth specific facts showing the existence of a genuine issue for trial after all. *Id.* On appeal, the party which lost the summary judgment motion bears the burden of persuading the appellate tribunal that the trial court's decision was erroneous. *Id.*

### DISCUSSION AND DECISION

In order to base a recovery on a negligence theory, a plaintiff must demonstrate (1) a duty existed on the part of the defendant to conform his conduct to a standard of care arising from his relationship with the plaintiff, (2) the defendant failed to conform his conduct to the requisite standard of care required by the relationship, and (3) an injury occurred which was proximately caused by the breach. *Webb v. Jarvis* (1991), Ind., 575 N.E.2d 992, 995. Here, the DOC concedes it had a duty to take reasonable precautions for the safety of its prisoners; instead, it argues no liability should attach because it had no reason to believe Chandler would attack Cole. Noting both that Cole never warned prison officials that Chandler had threatened him and that there had not been a fight in the witness room area in five years, the trial court agreed.

We begin by observing that although prisons are dangerous places, the DOC cannot possibly protect all inmates from all other inmates at all times; public policy considerations require that the DOC not be made an absolute insurer of prisoners' safety. Although the DOC is not a guarantor, neither has it been relieved of all responsibility for safekeeping its charges. Rather, the DOC's responsibility takes the middle ground: it has the duty "to take reasonable precautions to preserve

the life, health, and safety of prisoners[.]" *Reed v. State* (1985), Ind., 479 N.E.2d 1248, 1254. Exactly which precautions must be taken will necessarily vary according to the unique facts and circumstances presented in each instance. Because of the DOC's unusual ability to control all aspects of its prisoners' lives, the DOC's duty to take reasonable precautions may include an obligation to control the conduct of third persons.[1]

In this case, it is undisputed that Cole did not give the DOC reason to believe Chandler might attack him and that there had been no fights in the witness room during the previous five years. It does not follow, however, that Chandler's attack on Cole was necessarily unforeseeable, as the trial court determined. Prisons are dangerous places because many of their occupants are violent individuals who do not hesitate to take any advantage presented, as demonstrated by the vicious beating Cole suffered. After handcuffing Cole's arms behind his back, Cole's guard thrust him into the company of non-handcuffed prisoners and then turned his attention elsewhere. A beating immediately followed. We are unprepared to say that as a matter of law, Cole's beating was unforeseeable. Moreover, when viewed in the light most favorable to Cole, the non-moving party, the facts suggest the DOC did not take reasonable precautions to preserve Cole's safety. Rather than proving the DOC took all reasonable precautions necessary under the circumstances, the evidence suggests the DOC took few or none when precautions were warranted.

"[W]hether a party breached its duty is a factual question generally not appropriate for summary disposition." *Gunter, supra,* at 1312. Although the attack may well have occurred despite the DOC's best efforts, and although Cole himself may well have provoked the attack, Cole should be allowed to present his case to the jury and let it sort out whether the DOC failed to take reasonable precautions under the circumstances and whether Cole was partly responsible for his injuries. We hold the trial court erroneously granted summary judgment in the DOC's favor. Accordingly, we reverse the entry of summary judgment and remand the cause for further proceedings. Our resolution of this issue makes it unnecessary for us to address Cole's argument that the DOC did not meet the designation requirements of T.R. 56. Further, we reject Cole's argument that under the circumstances a more stringent duty is warranted; the "reasonable precautions" standard adequately allows for the consideration of any unusual circumstances.

Reversed and remanded.

ROBERTSON and FRIEDLANDER, JJ., concur.

1. *See Bowling v. Popp* (1989), Ind.App., 536 N.E.2d 511:

> When addressing the duty to control the conduct of others, the courts of Indiana generally follow the principles set forth in the Restatement (Second) of the Law of Torts. *See, e.g., Sports, Inc. v. Gilbert* (1982), Ind.App., 431 N.E.2d 534. The basic principle of this duty is stated as follows:
> There is no duty so to control the conduct of a third person as to prevent him from causing physical harm to another unless:
> (a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or
> (b) a special relation exists between the actor and the other which gives to the other a right to protection.

RESTATEMENT OF THE LAW ON TORTS Sec. 315 (2d ed. 1965). The specific duties which make up the basic principle are:
(1) The duty of a parent to control the conduct of his child (*Id.,* Sec. 316);
(2) The duty of a "master" to control the conduct of his "servants" (*Id.,* Sec. 317);
(3) The duty of a possessor of land or chattels to control the conduct of his licensee (*Id.,* Sec. 318);
(4) The duty of those in charge of persons having dangerous propensities to control such persons (*Id.,* Sec. 319); and
(5) The duty of those having custody of another to control the conduct of others (*Id.,* Sec. 320).
*Id.* at 515.