**Betty Jean SAUDERS, Personal Representative of the Estate of Mark S. Sowles, Deceased, Appellant–Plaintiff,**

v.

**The COUNTY OF STEUBEN; Lawnie M. McClelland, as Sheriff of Steuben County; Mark Klink and Gregory W. Aldrich, Appellees–Defendants.**

No. 92A03–9411–CV–400.

Court of Appeals of Indiana.

April 30, 1996.

Kurt Bentley Grimm, Grimm & Grimm
P.C., Auburn, for Appellant.

Branch R. Lew, Hunt, Suedhoff, Borror & Eilbacher, Fort Wayne, for Appellees.

Michael R. Morow, Stephenson Daly Morow & Kurnik, Indianapolis, for Amicus Curiae Association of Indiana Counties and Indiana Sheriff's Association.

## OPINION

HOFFMAN, Judge.

Appellant-plaintiff Betty Jean Sauders, personal representative of the estate of Mark W. Sowles, deceased, appeals from a judgment in favor of the County of Steuben; Lawnie M. McClelland, as Sheriff of Steuben County; Mark Klink and Gregory W. Aldrich (collectively referred to as "Steuben County") in a wrongful death action arising from Sowles' suicide while a pretrial detainee in the Steuben County Jail.

The majority of facts relevant to the appeal were stated by our supreme court in an earlier appeal as follows:

> On April 28, 1986, an automobile driven by Sowles collided with the rear of a police patrol vehicle driven by an Angola city police officer. An Indiana state trooper investigated the accident and arrested Sowles. Tests showed his blood alcohol level to be .15 per cent. Because IND. CODE ANN. § 35–33–1–6 (West 1986) required Sowles to be incarcerated for at least four hours, he was transported to the Steuben County jail at approximately midnight, where he was processed by Aldrich, an employee of the Sheriff's Department, and placed alone in a two-person cell at 12:35 a.m. At 1:17 a.m., Sowles was found unconscious with a noose of blanket strips knotted around his neck. Despite resuscitation attempts and subsequent medical treatment, Sowles never regained consciousness. He remained in a permanent vegetative state until he died on July 13, 1988. Sauders filed suit alleging that the jail defendants had been negligent in their care and custody of the decedent. . . .

*Tittle v. Mahan,* 582 N.E.2d 796, 798 (Ind. 1991). Additional facts will be supplied as necessary.

Three issues are raised for review:

(1) whether the trial court erred in restricting evidence on video monitoring jail inmates;

(2) whether the trial court erred in instructing the jury as to the defenses of contributory negligence, assumption of the risk and incurred risk; and

(3) whether the trial court erred in instructing the jury that none of the defendants owed a duty to Sowles to purchase or install audio-video monitoring equipment, and the absence of such equipment should not be considered by the jury in determining Steuben County's liability.

Sauders contends that the trial court erred in not permitting her to introduce evidence regarding Indiana Jail Standard, 210 IAC 3–1–1 *et seq.,* which requires audio-video monitoring of intoxicated pretrial detainees such as Sowles. Prior to trial, the court granted paragraph one of Steuben County's motion in limine, which requested the exclusion of all matters which the trial court had entered summary judgments. As to the present issue, the trial court entered a partial summary judgment dated November 14, 1989 ("1989 Judgment"). In relevant part, the 1989 Judgment provides:

> 15. The defendants, Steuben County Sheriff's Department, and its employees, owed Sowles no duty to purchase or install audio/video monitoring equipment[.] . . . [*See,*] *City of Hammond v. Cataldi* (1983), Ind.App., 449 N.E.2d 1184.

> 16. The defendants, Steuben County Sheriff's Department, and its employees are immune from any liability for the policy-oriented decisions regarding the allocation of funds from the budget to purchase or install audio/video monitoring equipment[.] . . . I.C. § 34–4–16.5–3(6). *See also, Peavler v. Monroe County Board of Commissioners* (1988), 528 N.E.2d 40.

The trial court further noted there was no just reason for delay in the entry of a final order, and accordingly, the court expressly directed the entry of a final judgment as to the issues addressed in its 1989 Judgment.

■ This case's lengthy history discloses that no appeal was taken from the trial

court's decision. The 1989 Judgment was a final and appealable order of the court; it cannot now be collaterally attacked. *See* Ind. Appellate Rule 2. More importantly, Sauders, herself, agreed with the trial court's ruling on the exclusion of the evidence based on the prior grant of Steuben County's motion in limine. At trial, Sauders called her expert witness, Postill. Postill testified that under the Jail Standards intoxicated prisoners are a special class of inmates, which in the absence of video monitoring equipment, require close personal supervision. Postill further defined close supervision as at least checking on the prisoner every 15 minutes. On cross-examination, Steuben County asked Postill if the Standards specified every 15 minutes. Sauders objected to the question and asked the court for relief from the motion in limine. Sauders conceded that the failure to have monitoring equipment as required by the Jail Standards could not be assignable to Steuben County as a basis for liability. Sauders then asked the trial court for relief from its prior motion to show that Postill's testimony would be that, since there was no constant monitoring of intoxicated prisoners, the frequency of checks would have to occur more often to provide reasonable care. This testimony appears to be of the exact nature of the testimony which was elicited from Postill.

■ Additionally, Sauders stated that the prior ruling would be "fair enough" if she were allowed to bring forth evidence as to how often a reasonable jailer should have checked Sowles absent the presence of audio-video monitoring equipment. The trial court and counsel for Steuben County both agreed to allow Sauders to again mention the lack of monitoring equipment at the jail in 1986. Sauders made no further objection. Sauders cannot now complain of an alleged error, which she has invited, by acquiescing in the trial court's decision. *Dept. of Ins. v. Zenith Re–Insurance Co.,* 596 N.E.2d 228, 230 (Ind. 1992); *see also St. Anthony Medical Center v. Smith,* 592 N.E.2d 732 (Ind.Ct.App.1992), *trans. denied* (failure to object to allegedly improper evidence at trial waived issue of whether evidence was properly admitted, even though admissibility of evidence was addressed in the motion in limine). Sauders

cannot now raise an issue on appeal to which she agreed at trial.

Sauders also contends the trial court erred in instructing the jury as to the affirmative defenses of contributory negligence, assumption of the risk, and incurred risk. More specifically, she argues that such affirmative defenses are not applicable in jail suicide cases.

■ Sauders concedes that Indiana's Comparative Fault Act does not apply to Steuben County, as it is a government entity, *see* IND.CODE § 39–4–16.5–3(1) and (2); thus, Sauders' claims fall within the scope of Indiana Tort Claims Act, § 34–4–16.5–1 *et seq. See Tittle v. Mahan,* 582 N.E.2d 796 (Ind.1991). Pursuant to the Tort Claims Act, the common-law affirmative defenses of contributory negligence, incurred risk, and assumption of the risk preclude an injured party's right of recovery. *See* IND.CODE § 34–4–33–8. Contributory negligence or incurred risk by an injured person is a complete bar to a claim against a government entity or public employee. *Board of Com'rs of Adams County v. Price,* 587 N.E.2d 1326, 1333 (Ind.Ct.App.1992), *trans. denied; Roddel v. Town of Flora,* 580 N.E.2d 255, 259 (Ind.Ct.App.1991), *trans. denied.*

■ Although wrongful suicide in a jail custody situation is a novel issue in this State, the questions presented on appeal are not. When a party is in the custodial care of another, as in the case of a pretrial detainee, the custodian has the duty to exercise reasonable care to preserve the life, health, and safety of the person in custody. *Cole v. Indiana Dept. of Correction,* 616 N.E.2d 44, 45–46 (Ind.Ct.App.1993), *trans. denied.* The appropriate precautions will vary according to the facts and circumstances presented in each case. *Id.* Knowledge on the part of a custodian that the detainee may injure himself, unless precautionary measures are taken, is an important factor to be considered by the judge and the jury in determining whether the custodian exercised reasonable care. *See id.* at 46; *Magenheimer v. State ex rel. Dalton,* 120 Ind.App. 128, 90 N.E.2d 813 (1950) (contributory negligence of inmate who ate spoiled food was a question for the

jury). Thus, Steuben County had a duty to exercise reasonable care for Sowles' life, as it was responsible for placing him in a custodial setting; whether it properly exercised that duty was a question for the jury to determine.

Such a duty, however, does not make the custodians absolutely liable for the health and safety of those in their custody. *See Cole*, 616 N.E.2d at 45–46. As a general rule, a jailer is not liable to a prisoner for injuries resulting from the prisoner's own intentional conduct. *See* 72 C.J.S. Prisons § 124; 60 Am.Jur.2d Penal and Correctional Institutions § 208. Affirmative defenses relating to an inmate's conduct have long been present in Indiana cases based upon a sheriff's duty of care to his prisoners. *See e.g. Cole*, 616 N.E.2d 44; *Magenheimer*, 120 Ind. App. 128, 90 N.E.2d 813.

Sauders' reliance on *Fowler v. Norways Sanatorium*, 112 Ind.App. 347, 42 N.E.2d 415 (1942), and *Breese v. State*, 449 N.E.2d 1098 (Ind.Ct.App.1983), is inappropriate. Both cases involved individuals with known suicidal tendencies. Here, neither the arresting officer nor the jailer noted anything which would distinguish Sowles as a greater suicide risk than any prior pretrial detainees. Sowles' own girlfriend stated that when she last saw him he appeared to be happy. Further, Sauders' reliance on the 7th Circuit's opinion in *Myers v. County of Lake*, 30 F.3d 847 (7th Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 666, 130 L.Ed.2d 600, is also not persuasive. Initially, it should be noted that the 7th Circuit prefaced its decision by noting a strong reluctance to enter a decision on an issue which had not yet been decided under Indiana law. The 7th Circuit in *Myers*, by concluding that jury instructions on contributory negligence were erroneous, in effect abrogated the defense of contributory negligence against governmental entities and public employees in Indiana.

Under the facts here, Sowles' capacity to exercise reasonable care and, necessarily, his capacity to be contributorily negligent were questions for the jury. The trial court did not err in instructing the jury on the affirmative defenses of contributory negligence, incurred risk, and assumption of the risk.

Finally, Sauders argues the trial court erred in instructing the jury that the defendants did not owe Sowles a duty to purchase or install audio-video monitoring equipment, and the absence of such equipment should not be considered by the jury in determining Steuben County's liability. Specifically, Sauders challenges the trial court's Final Instruction No. 21.

At trial, however, Sauders conveyed the appropriateness of Instruction 21:

> Mr. Grimm [Sauders' counsel]: He can have an instruction saying they didn't have to buy [audio-video] monitors and stuff[.]

> \*　　\*　　\*　　\*　　\*　　\*

> Mr. Grimm: I understand the ruling. The jury can be properly instructed in that regard. I'm not going to argue nor have I tried to argue that they had to buy monitors[.] . . .

A party is entitled to have the jury instructed on any accurate statement of the law applicable to the facts of the case. *Peak v. Campbell*, 578 N.E.2d 360, 361 (Ind.1991); *Captain & Co., Inc. v. Stenberg*, 505 N.E.2d 88, 97–98 (Ind.Ct.App.1987), *trans. denied*. Instruction No. 21 cites verbatim the trial court's 1989 Judgment. Further, the jury was told at trial that the physical facility at the Steuben County Jail did not include audio-video monitoring equipment; hence, the nonexistence of such equipment became an issue in the case. Steuben County was entitled to an instruction regarding the 1989 Judgment. The trial court properly instructed the jury on the law applicable to the facts of this case. Accordingly, the judgment of the trial court is affirmed.

Affirmed.

STATON and DARDEN, JJ., concur.